# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRO MÉNDEZ HURTADO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **DAVID J. VENTURELLA,** | § | |
| *in his official capacity as* Senior Official | § | |
| Performing the Duties of the Director of U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| **JOEL GARCIA,** | § | |
| *in his official capacity as* the ICE El Paso | § | |
| Field Office of Enforcement and Removal | § | |
| Operations, U.S. Immigration and Customs | § | **EP-26-CV-00280-DCG** |
| Enforcement, U.S. Department of Homeland | § | |
| Security; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *in his official capacity as* Secretary of the | § | |
| U.S. Department of Homeland Security; *and* | § | |
| **TODD BLANCHE,** | § | |
| *in his official capacity as* U.S. Attorney | § | |
| General, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING SUPPLEMENTAL ADVISORY

On July 7, 2026, the Court granted Petitioner Alejandro Méndez Hurtado's Petition for

Writ of Habeas Corpus (ECF No. 1) and ordered Respondents to:

(1)     "release Petitioner from custody [by July 10, 2026]"; and

(2)     "notify the Court no later than [July 21, 2026] with confirmation of
Petitioner's release."[1]

---

[1] *See* Order Granting Pet., ECF No. 5, at 5.

On July 21, 2026, Respondents advised the Court that "Petitioner is no longer in [Immigration and Customs Enforcement ("ICE")] custody."[2]

The Court will order Respondents to supplement their advisory for two reasons.  *First*, the assertion that "Petitioner is no longer in ICE custody" doesn't confirm when (or even if) Respondents released Petitioner.[3]  Given the advisory's vagueness, it's unclear whether (1) Respondents released Petitioner; (2) Respondents already removed Petitioner; or (3) ICE transferred Petitioner to another agency's custody.  *Second*, Respondents didn't provide any documentation (whether via affidavit or otherwise) substantiating their assertion that "Petitioner is no longer in ICE custody."[4]  Without supporting documentation, the Court is unable to verify that Respondents actually complied with the Court's July 7, 2026 Order.

The Court therefore **ORDERS** that, **by August 14, 2026**, Respondents **SHALL FILE** a supplemental advisory clarifying their assertion that "Petitioner is no longer in ICE custody."  In that supplemental advisory, Respondents **SHALL INDICATE**:

(1) whether they released Petitioner, with reference to specific dates; and

(2) if not, why not.

Respondents **SHALL ATTACH** documentation substantiating the information they provide in their supplemental advisory as an exhibit to that advisory.

---

[2] Resp'ts' Advisory, ECF No. 6.

[3] *See id.*

[4] *See generally id.*

Now that the Senate has confirmed Respondent Todd Blanche as Attorney General of the United States,[5] the Court also **DIRECTS** the Clerk of Court to **REMOVE** the word "Acting" from Attorney General Blanche's title on CM/ECF.

**So ORDERED and SIGNED this 10th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[5] *See, e.g.*, Riley Rogerson et al., *Senate confirms Blanche as attorney general*, Politico (Aug. 8, 2026, at 4:33 ET), https://www.politico.com/live-updates/2026/08/07/congress/todd-blanche-senate-confirmation-01029751 (last visited Aug. 10, 2026).